978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles L. TYLER, Plaintiff/Appellant,
v.
Eugene DOLD, et al., Defendants/Appellees.
 No. 87-3156.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992*
Decided Nov. 4, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Charles L. Tyler brought suit against Defendants Eugene Dold, Keith Wheeler and Tellurian Community, Inc. ("Tellurian") under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.). Based on the evidence presented at trial, the district court entered judgment in favor of the defendants. We affirm.
 
 BACKGROUND
 
 2
 Charles Tyler was hired by Tellurian in June 1984 as an "on call" alcohol intervention specialist. The first six months of Tyler's employment were to be a probationary period.
 
 
 3
 During Tyler's probationary period, three instances of misconduct were communicated to Eugene Dold, Vice-President for Clinical Services of Tellurian, by other staff members: 1) that Tyler had accepted a bribe from a client; 2) that Tyler had made inappropriate sexual remarks to female clients; and 3) that Tyler abused his sick leave. Dold believed that these acts warranted Tyler's dismissal and requested Tyler's resignation on November 30, 1984.
 
 
 4
 Tyler brought an action pro se in district court, alleging that his termination constituted race discrimination in violation of Title VII. The court entered a judgment in favor of the defendant after a bench trial. Applying the standards established by McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), the district court ruled that there was no evidence of race discrimination against Tyler. The district court found that Dold had a valid basis for terminating Tyler and that Tyler had not shown that Dold's reasons were pretextual. Tyler appeals, arguing that the district court's findings were erroneous.
 
 ANALYSIS
 
 5
 Federal Rule of Civil Procedure 52(a) limits our review in this action. A reviewing court may not set aside findings of fact unless those findings are clearly erroneous. Fed.R.Civ.P. 52(a); see also Anderson v. Bessemer City, 470 U.S. 564, 574 (1984); Daniels v. Essex Group, Inc., 937 F.2d 1264 (7th Cir.1991). If the district court's findings of fact are plausible, "the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson, 470 U.S. at 574.
 
 
 6
 A district court's finding of no discriminatory intent in an action brought under Title VII is a factual finding which cannot be disturbed unless clearly erroneous. Id. at 566 (citing Pullman-Standard v. Swint, 456 U.S. 273 (1982)).
 
 
 7
 Upon reviewing the record as a whole, we find that the district court was not in error by concluding that Dold discharged Tyler without discriminatory intent. Although Tyler presented some evidence to substantiate his claim and attempted to point out some inconsistencies in the testimony of the defendant witnesses, the district court could reasonably have concluded that Tyler had failed to establish his claim. The court's determination rested in part of the credibility of the witnesses, and deference must be given to the trial judge in weighing the credibility of witnesses. Fed.R.Civ.P. 52(a); Anderson 470 U.S. at 575.
 
 
 8
 Dold testified that a staff member informed him Tyler had accepted a bribe. Dold had confirmed the allegation in his conversations with the client. Dold also testified that more than one staff member told him that Tyler had made inappropriate sexual remarks to female clients. Additionally, a staff member testified as to having seen Tyler on the street on a day in which he had called in sick; her observation had been related to Dold prior to his decision to terminate Tyler. Dold testified that the sequence of events, occurring during Tyler's probationary period, led to Tyler's dismissal.
 
 CONCLUSION
 
 9
 The district court's findings were not clearly erroneous. Therefore, the judgment of the district court in favor of defendants Eugene Dold, Keith Wheeler and Tellurian is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs